STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. PATRICK SUTTON, PLAINTIFF IN ERROR.

Argued November 17, 1914—Decided June 14, 1915.

1. The act of May 26th, 1912 (*Pamph. L.*, *p.* 235), in so far as it requires street railway companies to grant free transportation to police officers when in uniform or on duty, is a constitutional exercise by the legislature of its police power.

2. The object expressed by the language of the statute in question being one that the legislature may lawfully accomplish under its police power, the statute will not be declared to be unconstitutional upon the ground that the purpose of the legislature was to exact from the public utilities a money tribute in violation of constitutional principles, first because the purpose of the legislature is known to the courts only in so far as it appears in the object expressed by the language of its enactment, and second, because in dealing with the language of an enactment the courts adopt, if possible, that construction which will sustain the statute as a valid act of legislation.

On error to the Supreme Court, whose opinion is reported in 83 *N. J. L.* 46.

For the plaintiff in error, *William D. Edwards* and *Frank Bergen.*

For the defendant in error, *John Bentley, John Milton, John W. Wescott,* attorney-general, and *Herbert Boggs,* assistant attorney-general.

The opinion of the court was delivered by

GARRISON, J.   The Supreme Court held that the act of May 26th, 1912 (*Pamph. L., p.* 235), by which street railway companies were required to grant free transportation to police officers when in uniform or on duty, was a constitutional exercise by the legislature of its police power.   In this view we concur.

That this statutory provision has a direct tendency to secure the presence of police officers upon street railway cars is attested by the very complaint of the plaintiff in error. That the presence of such officers upon such cars has a tendency to prevent disorderly conduct and to afford protection to passengers, if not an admitted fact is at least one of those determinations of fact that the legislature has the right to make for itself when prescribing a police regulation. *Hopper* v. *Stack,* 69 *N. J. L.* 562; *Lyons* v. *Morris,* 86 *Id.* 206.

How such a regulation shall be accomplished is also a purely legislative problem. The legislature might require that a police officer should be carried upon every car, or upon every other car, or at certain times of day only. If the legislature may lawfully do this, it may in lieu of such pre-scriptions secure the presence of the police upon the cars by the statutory provision now under review. In any case the transportation of the officer is a subordinate incident to the police regulation, and of the power of the legislature to enact such a regulation there would seem to be neither room for doubt nor ground for denial.

The argument against the constitutionality of this regu-lation is based fundamentally upon the contention that the considerations that have just been mentioned were not those that operated upon the mind of the legislature, which, on the contrary, it is said, were of a purely monetary character, the real purpose of the legislation in question being to save expense to the public by throwing it upon the public utilities by the exaction from them of an unconstitutional tribute.

This argument fails to discriminate between the purposes of legislators and the objects of legislation, and hence gives no force to the established doctrine that courts deal only with the latter, *i. e.*, with the objects of legislation as expressed in the statutory language, and are not concerned with and in-deed cannot take judicial notice of the purposes of the law-maker saving as they are so expressed. This practical dis-tinction is pointed out in the opinion of the Supreme Court in *Sawter* v. *Schoenthal,* 81 *N. J. L.* 197, which upon this point has survived destructive criticism.

Another canon of constitutional law is that the language of the legislature will if possible, be so construed as to uphold rather than to destroy a statute it has enacted. We have seen that the result of the statute in question is to induce the presence of the police upon street railway cars, and that the police protection thus secured is within the ob-ject expressed in the language of the statute; if now it be conceded that it is also permissible to find in such language that the purpose of the legislature in the enactment of this

statute was to exact a tribute from the carrying companies in violation of constitutional provisions, then by force of both of the judicial canons referred to we must give to the statutory language that construction which will result in sustaining it as a valid act of legislation. This places the judicial construction of the statute now before us upon its practical and legal footing. The underlying principle, however, goes further, for so negligible is the purpose that was in the mind of the legislature and so dominant is the object that is expressed in the legislation that if such object so expressed be one that the legislature may lawfully accomplish in the manner prescribed, the enactment would not be declared to be unconstitutional even if the adjudicating tribunal knew (what it could not judicially know) that the purpose of the legislature in enacting the statute was one that ran counter to constitutional restrictions; which is only another way of saying that in the judicial forum a statute stands or falls by the object that is expressed by its language. Moreover, while police regulation of public utilities is clearly within the object expressed by the title, "An act concerning public utilities," the same can hardly be said if the statute be regarded as a taxing act or revenue-raising measure.

Affirming as we do the judgment of the court below in so far as it applies to police officers and upon the single ground of the police power, we think it proper to add that in our opinion such judgment is not sustainable upon either of the other grounds relied upon below, viz., that of indirect compensation to the plaintiff in error, or that of a custom to which it had assented.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, JJ. 13.

*For reversal*—None.